IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| MICHAEL ROE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: |
| BARBERS AUTO SERVICE, INC. | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

COMES NOW the Plaintiff, MICHAEL ROE ("PLAINTIFF"), and files this Complaint against DEFENDANT, BARBERS AUTO SERVICE, INC. ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney's fees, costs of litigation and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA").

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation which provided automotive repair services to consumers in Florida, including Alachua County, Florida, and PLAINTIFF performed work for DEFENDANT at its facility in High Springs, Florida.

4. Upon information and belief, DEFENDANT had annual sales in excess of $500,000, and two or more employees who regularly handled tools and auto parts that moved in

interstate commerce.

## BACKGROUND

5. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

6. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

7. Upon information and belief, at all relevant times, DEFENDANT had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce. These included tools, truck parts and other materials.

8. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

10. In or around September 2018, DEFENDANT hired PLAINTIFF to work as a mechanic and PLAINTIFF continued in that capacity until on or about October 5, 2019.

11. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

12. PLAINTIFF was paid an hourly rate of $14.50 per hour. DEFENDANT required PLAINTIFF to work from 8 a.m. until 6 p.m. Monday through Friday and 8 a.m. to 1 p.m. on Saturdays. Every day, DEFENDANT automatically deducted one hour from

PLAINTIFF'S pay for a meal break, but PLAINTIFF routinely worked through his lunches. In addition, DEFENDANT regularly took other deductions from PLAINTIFF'S pay.

13. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF for all the hours he worked and to pay him at a rate of one and one-half times his usual rate when he worked more than 40 hours per week.

14. PLAINTIFF is therefore, owed compensation for time actually worked but not paid, overtime and back wages by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

16. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used tools and parts, which have moved in interstate commerce.

17. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

18. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which he did not receive compensation.

19. During his employment with DEFENDANT, PLAINTIFF performed work for which

he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANT violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half for all his hours when he worked more than 40 hours in a week.

20. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

21. DEFENDANT'S failure to compensate PLAINTIFF for his overtime violates the overtime provisions of the FLSA and the regulations thereunder.

22. DEFENDANT'S failures to compensate PLAINTIFF for his overtime was a willful and knowing violation of the Act.

23. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

24. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF compensation at a rate of one and one-half times his agreed hourly rate for the overtime hours he worked, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

25. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further

relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

26. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

27. DEFENDANT agreed to compensate PLAINTIFF at a rate of $14.50 per hour for all the hours he worked.

28. PLAINTIFF worked at least 55 hours per week for DEFENDANT, but DEFENDANT breached its agreement by deducting at least six hours per week from PLAINTIFF'S compensation.

29. As a result of DEFENDANT failing to pay PLAINTIFF for all hours worked, he has suffered substantial damages and been required to retain an attorney.

30. Pursuant to Florida Statute 448.08, PLAINTIFF is entitled to attorney's fees and costs of litigation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, pre- and post-judgment interest, nominal damages, and other relief by reason of DEFENDANT'S breach of employment agreement; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## FLSA RETALIATION

31. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

32. PLAINTIFF engaged in protected activity by complaining to DEFENDANT that he

5

should have been getting paid time and one-half when he worked more than 40 hours per week.

33. In response to his complaints, DEFENDANT terminated PLAINTIFF.

34. As a result, PLAINTIFF has suffered economic loss as well as damages in the form of embarrassment, humiliation, emotional distress and other non-pecuniary loss.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal relief, unpaid wages and lost fringe benefits, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated: October 21, 2019

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL 32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF